[Cite as *Baten-Sica v. Ramos*, 2023-Ohio-1495.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CLEMENTE BATEN SICA | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2022 AP 09 0030 |
| INICIA SICA RAMOS AND SIMON<br>BATEN HERNANDEZ | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:        Appeal from the Tuscarawas County Court
                                 of Common Pleas, Juvenile Division, Case
                                 No. 2022CC00102


JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          May 3, 2023


APPEARANCES:


For Plaintiff-Appellant                For Defendants-Appellees

GWENDOLYN STARDA                       INICIA SICA RAMOS AND
148 E. Liberty Street – Suite #224     SIMON BATEN HERNANDEZ
Wooster, Ohio 44691                    c/o Aldea Cruz Chex
                                       Aguacatan, Huehuetenango, Guatemala

*Hoffman, J.*

{¶1}    Plaintiff-appellant Clemente Baten-Sica appeals the judgment entered by the Tuscarawas County Common Pleas Court, Juvenile Division, denying his complaint for custody of his minor brother, R.S.  Defendant-appellees are Inicia Sica Ramos and Simon Baten Hernandez, the natural parents of R.S. and Appellant.[1]

STATEMENT OF THE FACTS AND CASE

{¶2}    R.S. was born in Guatemala on November 11, 2005, and is a citizen of Guatemala currently residing with Appellant and another brother in New Philadelphia, Ohio.  In February of 2021, R.S. entered the United States.  R.S. left Guatemala, paying 4,000 pesos to a guide to bring him to the United States.  Appellees gave R.S. the money to travel to the United States.  R.S. desired to go to school, and believed more opportunities existed in the United States for him.

{¶3}    R.S. was arrested upon entering the country, but released from federal custody to live with Appellant and another brother in Ohio.  R.S. has lived with Appellant since entering the United States in 2021.  Appellees have not visited R.S. and have not sent money for his care, but Appellees have cell phones and communicate with R.S. weekly.

{¶4}    Appellant filed the instant action seeking custody of R.S., alleging R.S. is dependent and neglected because Appellees abandoned R.S.  The case proceeded to a hearing in the trial court.

{¶5}    At the hearing, Appellant testified Appellees could take care of R.S., but there are a lot of threats in Guatemala, and he believed it would be dangerous for R.S. to

---

[1] Appellees waived service of the summons in the trial court, and have not entered an appearance in either the trial court or before this Court.  Appellant's brief reflects service on Appellees in Guatemala.

return.  Appellant testified R.S. had his lunch money stolen from him at school in Guatemala.  The court called R.S. as its own witness.  R.S. testified he wanted to come to the United States for a better life, and he wanted to go to school.

**{¶6}**   The trial court found R.S. was not dependent or neglected, and was not abandoned by Appellees.  The trial court denied Appellant's request for custody.

**{¶7}**   It is from the August 23, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


I. THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW AND FACT AND VIOLATED THE APPELLANT'S AND CHILD'S DUE PROCESS AND CIVIL RIGHTS BY DENYING THE COMPLAINT BASED ON NATIONAL ORIGIN AND IMMIGRATION STATUS.

II. THE TRIAL COURT FAILED TO MAKE A FINDING AS TO WHETHER THE CHILD WAS NEGLECTED AND ABANDONED PURSUANT TO ORC §2151.03(A)(1) AND §2151.011(C).

III. THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW AND FACT AND WENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN FINDING THAT THE CHILD WAS NOT ABUSED, NEGLECTED, OR ABANDONED BECAUSE THE CHILD "DECIDED" TO LEAVE HIS HOME.

{¶8} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

> (E) Determination and judgment on appeal.
>
> The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will not be published in any form.

{¶9} This appeal shall be considered in accordance with the aforementioned rule.

## I.

{¶10} In his first assignment of error, Appellant argues the trial court erred in denying the complaint for custody based on the national origin and immigration status of Appellant and R.S.  While the trial court considered the immigration status of Appellant and R.S. as a part of the factual background of the case, we find the trial court did not base its decision on the immigration status of Appellant and R.S., but rather on a finding the child was not neglected or dependent as a matter of law because Appellees had not abandoned the child.

{¶11} The first assignment of error is overruled.

II.

**{¶12}** In his second assignment of error, Appellant argues the trial court erred in failing to make a finding R.S. was a neglected child because he had been abandoned by his parents.

**{¶13}** R.C. 2151.03(A) defines a neglected child:

(A) As used in this chapter, "neglected child" includes any child:

(1) Who is abandoned by the child's parents, guardian, or custodian[.]

**{¶14}** R.C. 2151.011(C) sets forth a statutory presumption of abandonment of a child:

(C) For the purposes of this chapter, a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days.

**{¶15}** Appellant argues he need only show R.S.'s parents failed to visit or failed to maintain contact with R.S., and because they failed to visit for more than ninety days, R.S. was presumed to be abandoned despite the fact Appellees maintained contact with R.S. on a weekly basis. We disagree with Appellant's interpretation of statutory language. The statute sets forth a presumption of abandonment if the parents neither visited nor

maintained contact with the child for more than ninety days. The statute provides a means by which a parent who is unable or prohibited from visiting with a child may avoid a presumption of abandonment by maintaining contact with the child:

> Moreover, despite Mother's inability to visit with J.H., R.C. 2151.011(C) does not limit a finding of abandonment to lack of visitation. Rather, the statute addressing abandonment also includes a failure to maintain contact with the child. Mother was not prohibited from otherwise maintaining contact with the child via gifts, mail correspondence, or other forms of contact outside of court-ordered visitation. Thus, despite her ability to do so, the record reflects Mother chose not to maintain any contact with her child throughout most of the case. Under these circumstances, we find no error in the juvenile court's determination that the child was abandoned as contemplated by R.C. 2151.011(C) and 2151.414(B)(1)(b*). In re B.J.* at ¶ 31-36.

{¶16} *In re J.N.L.H.,* 12th Dist. Butler No. CA2022-06-063, 2022-Ohio-3865, ¶ 41.

{¶17} In the instant case, Appellant testified Appellees communicate weekly by telephone. The record in this case does not support a presumption Appellees abandoned R.S., and the trial court did not err in failing to find R.S. was neglected because he was abandoned by Appellees.

{¶18} The second assignment of error is overruled.

III.

{¶19} In his third assignment of error, Appellant argues the trial court's finding R.S. was not neglected, dependent, or abandoned because he chose to leave home is against the manifest weight of the evidence.

{¶20} Ohio courts have sought to effectuate the fundamental rights of parents by severely limiting the circumstances under which the state may deny parents the custody of their children. *In re Perales*, 52 Ohio St.2d 89, 6 O.O.3d 293, 369 N.E.2d 1047 (1977), syllabus. In a child custody proceeding between a parent and nonparent, a court may not award custody to the nonparent "without first determining that a preponderance of the evidence shows that the parent abandoned the child; contractually relinquished custody of the child; that the parent has become totally incapable of supporting or caring for the child; or that an award of custody to the parent would be detrimental to the child." *Id.* If a court concludes any one of these circumstances describes the conduct of a parent, the parent may be adjudged unsuitable, and the state may infringe upon the fundamental parental liberty interest of child custody. *In re Hockstok,* 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶ 17. Thus, a finding of parental unsuitability is a necessary first step in child custody proceedings between a natural parent and a nonparent. *Id.* at ¶18. In a dispute between a parent and a nonparent for custody, the best interest standard set forth in R.C. 3109.04 does not apply. *Id.* at ¶19.

{¶21} Appellant argues the trial court improperly focused on the fact R.S. chose to leave home in finding Appellees did not abandon R.S. However, examining the evidence as a whole, we find the trial court's finding the child was not abandoned is not against the weight of the evidence. Appellant testified he had not received money from

Appellees to support R.S., but Appellant testified Appellees were able to take care of R.S., and R.S. came to the United States because of other threats in Guatemala.  Appellant testified Appellees have cell phones, and call weekly.  Appellant and R.S. both testified R.S. came to the United States because of conditions in Guatemala and a belief R.S. could have a better life and obtain an education in the United States.  While those considerations would be relevant to the best interests of the child in a custody dispute between parents, a custody dispute between a parent and a nonparent requires a finding of parental unsuitability, and not the best interests of the child.  We find the trial court's finding R.S. was not abandoned is not against the manifest weight of the evidence, and the trial court did not err in denying Appellant's complaint for custody of R.S.

{¶22}  The third assignment of error is overruled.

{¶23}  The judgment of the Tuscarawas County Common Pleas Court, Juvenile Division, is affirmed.


By: Hoffman, J.
Gwin, P.J.  and
Baldwin, J. concur